José Irene Colón et al., Plaintiffs and Appellants, *v.* Alberto López Muñiz et al., Defendants and Appellees.

No. 12744.   Decided January 29, 1963.

*Héctor Ramos Mimoso* for appellants. *L. Morales Contreras* and *Federico E. Virella* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

Per curiam.

Alberto López Rodríguez died in Caguas on December 8, 1951.   He left eleven children.   Only one, Cristina, was a child of a legally constituted marriage.   The other ten were children of four extramarital unions.   The judgment in this litigation declared them to be natural acknowledged children. All of them accepted the judgment.

The trial court determined that "before his death Don Alberto made several deposits in the Banco de Ponce, which on his death amounted to nearly $4,000 and which account appeared under the name of his son Alberto López Muñiz..." "On his death there was also a balance of $477.60 in his favor at the Banco Popular de Puerto Rico, Caguas Branch..."

"Don Alberto also owned on his death, $2,000 in government bonds, according to his daughter's testimony".[1]

When López Rodríguez died, he lived with his children surnamed López-Muñiz, defendants herein, and their mother. This suit was filed in order to determine whether the $4,000 deposited in the account at the Banco de Ponce were part of the hereditary estate, or whether they belonged to Alberto López Muñiz, in whose name the account appeared. The latter's contention was to the effect that his father had given him that amount to pursue studies in the United States. And the trial judge so held.

Thus we have a father, with eleven children, whose capital on his death only amounted to $4,477.60, and who gives $4,000 to one of his children so that the latter may study in the United States. The evidence clearly shows that the $2,000 which the court determined the father had in bonds were withdrawn from the post office before his death, and that they could not be found nor what the predecessor **did** with them. Defendants' own evidence so reveals.

Aside from the legal consequences produced by the fact that a father gives one of his eleven children $4,000 from an estate of $4,477.60, § 578, Civil Code, 31 L.P.R.A. § 2023, a careful analysis of the evidence convinces us that there was no such gift. Let us see.

■ Alberto López Rodríguez opened an account in the Banco de Ponce, Caguas Branch, in the name of his son Alberto López Muñiz. This occurred on January 30, 1951. The first deposit was of $1,195.00. On the date of the death, there was a balance of $3,916.85. The evidence shows that López Muñiz studied high school during the day, and the last year he took a commercial course at night. That he graduated from both courses during the year 1951; that he needed

---

[1] Although no finding of fact was made to that effect, it appears from the evidence that the deceased had a 50 per cent interest in a house valued at $670.

$15 to pay for the diploma of the commercial course when his father had already opened the account and the latter did not give him the required amount. He states in his own testimony that he could not withdraw from the account without his father's consent. About the middle of 1951 he left for the United States, according to him, to study minor surgery. He did not do so and instead went to work in a suitcase factory. In the interrogatory submitted to him before the trial he was asked: "Defendant Alberto López Muñiz please state whether or not it is true that your trip to the United States was made for the purpose of working and not to pursue higher studies, and that as a matter of fact said defendant worked, among other jobs, in a suitcase factory" to which he answered in the affirmative. When his attorney asked him at the trial why he had answered in such a way, he replied: "Because I left to take up a course in minor surgery, which to my knowledge, is not considered higher studies. Higher studies are like taking up law, or engineering."

The explanation given by defendant to his attorney's question does not seem adequate. He had been specifically asked whether his trip to the United States was made in order to work, and not to pursue higher studies, and he answered to this in the affirmative, explaining that he did not consider it to be higher studies. The explanation is more than unsatisfactory. Although he considers that minor surgery was not higher studies, he should have answered that he was interesed in studying minor surgery and not in working, but he should not have admitted, as he actually did, that he went to work.

This is very important to the weighing of the evidence introduced. The version that the father gave the money deposited in the Banco de Ponce to study is overcome to a great extent if the supposed donee does not leave for the United States with the intention of studying. *Cf. Ruiz* v. *Ruiz*, 61 P.R.R. 794 (1943).

[redacted] Taking into consideration the estate left by the father at his death, the alleged gift would be clearly ineffective, § 578, Civil Code, *supra*, but after considering the entire evidence introduced, we are convinced that there was no such gift. The judgment appealed from should be reversed and another rendered instead sustaining the complaint in all its parts.